## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIAM RADER,
      Plaintiff,

v.                                          Case No.: 8:25-cv-3397

THE CITY OF NEW PORT RICHEY,
      Defendant.

---

## COMPLAINT & DEMAND FOR JURY TRIAL

---

Plaintiff, WILLIAM RADER, brings this lawsuit against the above captioned Defendant, THE CITY OF NEW PORT RICHEY, (hereafter, "The City" or "Defendant") for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation for all hours worked over forty hours in each work week.

### <u>Introduction</u>

1. As explained herein, an employer violates the FLSA when it does not pay overtime compensation to any employee who is non-exempt.

2. Employees are either exempt or non-exempt and the key to determining exempt status does not depend on the employer's general characterization of the job; what is important is what the employee actually does on a day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3.  It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4.  There is no exemption found in the FLSA applicable in this case, but to the extent one is asserted by the Defendant, it "must establish [it through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5.  Plaintiff was at all times relevant treated by the Defendant as a non-Exempt hourly paid employee under the FLSA.

6.  Plaintiff regularly worked in excess of 40 hours per week, meaning overtime hours, and was not paid an overtime premium for any of these overtime work hours. He has suffered damages as a consequence.

## The Parties

7.  Plaintiff is a Florida resident who began working for Defendant within the meaning of the FLSA beginning in March 2023 and continued until separation of employment in September 2025.

8.  Plaintiff was employed dually as an Event Coordinator and a DART Manager, and at all times material, was an hourly paid, non-exempt employee.

9.  Defendant, THE CITY OF NEW PORT RICHEY, is a Florida municipality, Chapter 190, Florida Statutes. Defendant's principal office and location is 5919 Main St, New Port Richey, FL 34652 and can be served at this address.

## Jurisdiction

10. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Pasco County, Florida at Defendant's principal offices and City Hall in New Port Richey, Florida.

12. Pursuant to the FLSA, Section 3(s)(1)(C) all public agency employees of a State, a political subdivision of a State, or an interstate government agency are covered employers under the FLSA.

13. Defendant employed Plaintiff as an employee within the meaning of the FLSA § 203.

## Plaintiff's Job

14. Plaintiff has worked for Defendant as an Event Coordinator and DART Manager.

15. From the beginning in March 2023, Plaintiff was clocking in and out of a time card, time tracking system.

16. However, sometime in 2024, Defendant did away with using the time card, punch system, and just began presenting Plaintiff with pre-filled in 40 hour, bi-weekly time sheets and requesting his signature on these time sheets regardless of the actual hours he worked.

17. This time keeping procedure continued until Plaintiff's last date of employment.

18. Plaintiff was never paid on a salary basis and thus does not and cannot qualify for either the executive of administrative exemption.

19. As an hourly paid employee, Plaintiff did not qualify for any other exemption from the overtime pay requirements of the FLSA.

20. During the relevant period of this action, dating back to March 2023 through Plaintiff's last date of employment, he routinely worked without taking any uninterrupted non-working meal break.

21. Meanwhile, Plaintiff was assigned a work schedule of 8:00 am until 4:30 pm, thus 8.5 hours per day and 42.5 hours per week, with the opportunity to take a 30-minute meal break.

22. However, Plaintiff routinely did not take any non-working, uninterrupted and bona fide meal break and this 2.5 hours per week was automatically deducted from

his pay and shaven off the time sheets, which Defendant pre-populated and handed to Plaintiff to sign.

23. Additionally, throughout Plaintiff's employment, he was expected and required to perform work outside the assigned work schedule of Monday to Friday from 8:00 am to 4:30 p.m., including attending mandatory work events on Saturdays.

24. Defendant absolutely knew that Plaintiff attended events on Saturdays in furtherance of his job duties and on behalf of the City.

25. Plaintiff's work required him to communicate with employees and staff in the evenings and on weekends, all of which Defendant knew about.

26. At all times, Defendant knew that Plaintiff's job required him to work more than 40 hours per week, and for him to work outside the set weekly work schedule.

27. Defendant was discouraged from claiming any overtime and accurately reporting his work hours while simultaneously expecting him to handle all job duties and responsibilities which required him to work overtime hours.

28. On one occasion, Plaintiff did report his overtime hours for working a required Saturday event, specifically, the Cottee River Bike Festival. He was there to verify vendors were not selling prohibited items. The City expressed displeasure to Plaintiff for him daring to claim this overtime and even admonished him for it.

29. Meanwhile, the City expected Plaintiff to work all these extra overtime hours, in addition to being available and on call to employees during evening and weekend

hours. The same was necessary as part of handling his job duties as the DART Manager and as the Event Coordinator.

30. Thus, from March 2023 through his last date of employment, Plaintiff suffered to work overtime hours without being paid a premium for all overtime hours worked in each workweek.

31. Additionally, Plaintiff was required to be "on call" 24 hours a day and 7 days a week but was not paid for any of this time. That includes the times he spent actively responding to phone calls or messages which were necessary and incidental to his position with the City.

32. Plaintiff estimates that for each year, he worked an average of 5 to 7.5 hours of overtime per week without receiving overtime compensation when factoring in all the automatically deducted meal breaks in addition to the mandatory evening and weekend work activities.

33. Evidence reflecting the number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendant.

34. Defendant never had meetings nor explained the law as to bona fide meal breaks under the FLSA, such that when he took only a 20 minute or less than 30-minute, uninterrupted, non-working meal break that the same should be credited to him as compensable time.

35. Defendant's email records, computer and database records, and phone records will substantiate the work performed by the Plaintiff in excess of 40 hours throughout his employment, and that the time sheets are inaccurate and unreliable.

36. Defendant has never provided Plaintiff any means or procedure to report, claim, or submit the time worked while on call for compensation; yet again, Defendant clearly knew he was required and expected to respond to employee and other event related calls and communications outside the standard weekday work schedule.

37. Plaintiff's time records are thus inaccurate, understated, and unreliable, and Defendant knows this.

38. Defendant has willfully failed to properly and accurately record and track all of the actual hours the Plaintiff worked, and Defendant has violated the record keeping requirements of the FLSA as set forth in 29 CFR part 516.

39. If these records are unavailable or unreliable, Plaintiff may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

40. Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' 'wages, hours, and other conditions and practices of employment.'" *Id.*; 29 C.F.R. § 516(1). Although there is no private cause of

action against an employer for noncompliance with recordkeeping obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The Plaintiff may establish "a just and reasonable inference" as to the uncompensated work performed. *Anderson*, 328 U.S. at 687-88. This can be done by a Plaintiff's own testimony as to their regular work habits. Once the Plaintiff has offered testimony or evidence of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

## Defendants Bad Faith in Stealing Wages

41. Defendant's failure to pay overtime compensation was knowing and willful and demonstrated a reckless disregard for the requirements of the FLSA.

42. Defendant *knew* they should be paying any non-exempt, hourly paid employee overtime premium for each and every workweek but willfully maintained

an unlawful pay practice and scheme to avoid its obligations, willfully refusing to pay Plaintiff overtime premiums throughout the term of his employment.

43. Defendant *was aware* of the FLSA overtime wage requirements and that it was subject to the FLSA.

44. Defendant misled and misinformed Plaintiff concerning why he was not entitled to overtime wages or why their pay practices allegedly satisfied the FLSA while permitting Plaintiff to suffer to work off the clock.

45. Defendant likely did not check or confirm with its legal counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act, as the same is well known to be an unlawful pay practice.

46. Certainly, handing an employee weekly time sheets at the end of a 2-week period, pre-populated with 8 hours a day and 40 hours per week, is not in compliance with 29 CFR part 5156 and the FLSA's time keeping requirements.

47. Defendant just as likely then did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

48. Accordingly, Plaintiff is entitled to recover all minimum wages and overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

49. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and thus must pay him double the sum awarded as liquidate damages.

**COUNT 1**
**Overtime Premiums Due Under the FLSA 29 U.S.C. § 207**

50. Plaintiff re-alleges paragraphs 1-49 as if fully set forth in this Count.

51. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime requirements, liquidated damages, interest, and reasonable attorneys' fees and costs of this action.

52. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA and was his employer.

53. As alleged in the preceding paragraphs, as an hourly paid, non-exempt employee, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) his regular rate of pay for the hours he worked beyond 40 hours in each and every workweek while an hourly paid, nonexempt employee.

54. Moreover, Plaintiff's position does not satisfy or meet the elements of an exemption under the FLSA, as Plaintiff was not paid on a salary basis.

55. Plaintiff has routinely worked overtime premiums throughout the term of his employment with Defendant.

56. Defendant has willfully refused to pay Plaintiff overtime premiums or any additional pay for all the hours worked over forty in each individual and given workweek.

57. Defendant likewise violated the time keeping requirements of the FLSA and 29 CFR part 516, by failing to accurately track and record the work hours for Plaintiff, a non-exempt employee.

58. Defendant's failure to pay Plaintiff overtime compensation at any rate, including, the default rate of time and a half (1.5) his regular rate of pay for all hours over forty (40) in a given workweek is a violation of the FLSA, in particular, 29 U.S.C. § 207.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a); thus, Defendant owes Plaintiff all unpaid overtime wages for all hours worked over 40 in each and every workweek over the term of his employment.

60. Defendant does not have a subjective and objective reasonable basis for contending it has complied with the FLSA, and as such, Plaintiff is entitled to an equal sum as liquidated damages for all overtime hours work and awarded or recovered in this action.

61. Due to Defendant's' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, plus an

additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for and demands judgment against Defendant for the recovery and payment of overtime premiums and wages for all unpaid overtime hours worked during the timer of his employment, plus an equal sum as liquidated damages, and payment of his reasonable attorney's fees and reimbursement of all costs and expenses incurred in this action through the date of trial or judgment.

Respectfully submitted this 12th day of December 2025 by:

> */s/Mitchell L. Feldman, Esq.*
> **Mitchell L. Feldman, Esq**
> Florida Bar No. 0080349
> **FELDMAN LEGAL GROUP**
> 12610 Race Track Road, Suite 225
> Tampa, Florida 33626
> Tel: (813) 639-9366
> Fax: (813) 639-9376
> Mfeldman@flandgatrialattorneys.com
> Mail@feldmanlegal.us
> *Lead Attorney for Plaintiff*